**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**STEPHANIE A. GALLAGHER**
**UNITED STATES MAGISTRATE JUDGE**

101 WEST LOMBARD STREET
**BALTIMORE, MARYLAND 21201**
**(410) 962-7780**
**Fax (410) 962-1812**

January 2, 2013

LETTER TO COUNSEL:

> RE: *Richard Clayton Jones v. Commissioner, Social Security Administration*;
> Civil No. SAG-11-2712

Dear Counsel:

On September 21, 2011, the Plaintiff, Richard Clayton Jones, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 20, 22). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Jones filed his claim on July 22, 2009, alleging disability beginning on June 8, 2009. (Tr. 104-07). His claim was denied initially on January 25, 2010, and on reconsideration on July 28, 2010. (Tr. 55-58, 62-63). A hearing was held on April 19, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 32-52). Following the hearing, on May 25, 2011, the ALJ determined that Mr. Jones was not disabled during the relevant time frame. (Tr. 14-24). The Appeals Council denied Mr. Jones's request for review (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Jones suffered from the severe impairments of cervical degenerative disc disease and right knee injury. (Tr. 16). Despite these impairments, the ALJ determined that Mr. Jones retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) except that the claimant can lift and carry 50 pounds occasionally, 25 pounds frequently, can stand for 6 hours in an 8 hour workday, and sit for 2 hours in an 8 hour workday.

(Tr. 16-17). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Jones could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 23-24).

*Richard Clayton Jones v. Commissioner, Social Security Administration*
Civil No. SAG-11-2712
January 2, 2013
Page 2

Mr. Jones raises a single issue on appeal. He contends that the ALJ failed to evaluate his impairment under the musculoskeletal listings. Pl. Mot. 6-8. Notably, in making that argument, Mr. Jones does not identify the specific listings he believes to have been met, nor does he demonstrate how his impairment fulfilled the requirements of any particular listing. *Id.*

A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). Mr. Jones has not met that burden. Only two musculoskeletal listings arguably apply to his condition: Listing 1.02 (relating to major dysfunction of a joint) and Listing 1.04A (relating to disorders of the spine involving evidence of nerve root compression). Listing 1.02 requires that the impairment cause either an inability to ambulate effectively or an inability to perform fine and gross movements effectively. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.02. The ALJ noted that the medical evidence showed that Mr. Jones's "bilateral upper extremities had full range of motion with normal grip strength," that his "gait was normal and he had full range of motion in his lower extremities," and that he "was able to ambulate without requiring the use of a cane or any other assistive device." (Tr. 19). The ALJ further noted Mr. Jones's testimony of his ability to "drive a car, cook simple meals, and shop for groceries," moreover Mr. Jones indicated on an Adult Functioning Report that he "can take care of his personal hygiene, can prepare simple meals, can wash laundry, perform light cleaning and repairs, and go fishing." (Tr. 20). Similarly, Listing 1.04A requires motor loss accompanied by sensory or reflex loss. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04. The medical evidence reviewed by the ALJ does not support a finding of sensory or reflex loss.

Absent ample evidence suggesting that Mr. Jones's impairments met one of the listings, the ALJ had no duty to identify the listings or compare the evidence to the listing requirements. *Huntington v. Apfel*, 101 F. Supp. 2d 384, 390 (D. Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)); *Ketcher v. Apfel*, 68 F. Supp. 2d 629, 645 (D. Md. 1999) (noting that the "duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments"). Moreover, in the absence of evidence that consideration of the listings would have changed the outcome of Mr. Jones's claim, any error is harmless. Finally, substantial evidence supports the ALJ's conclusion that Mr. Jones was not disabled.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 20) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 22) will be GRANTED. The Clerk is directed to CLOSE this case.

*Richard Clayton Jones v. Commissioner, Social Security Administration*
Civil No. SAG-11-2712
January 2, 2013
Page 3


   Despite the informal nature of this letter, it should be flagged as an opinion.   An implementing Order follows.


       Sincerely yours,

        /s/

       Stephanie A. Gallagher
       United States Magistrate Judge